James C. Mahan
U.S. District Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:17-CR-21 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| SUSAN SIEGEL, et al., | |
| Defendant(s). | |

Presently before the court is defendant Susan Siegel's ("defendant") motion to modify terms and conditions of probation. (ECF No. 456). The government did not respond, and the time to do so has passed.

Defendant was sentenced to three years of probation on April 29, 2019. (ECF Nos. 441, 444). Defendant was ordered to pay a $116,021.25 in person criminal forfeiture and $1,124,652.00 in restitution. (ECF Nos. 442, 444). Probation has instructed defendant to make monthly restitution payments equal to ten percent (10%) of her monthly income, which results in payments of roughly $260 per month. (ECF No. 456 at 3).

Defendant now asks for permission to borrow approximately $104,000 against her home in order to pay the majority of the criminal forfeiture. *Id.* Defendant represents that her significant other will assist with making payments on the loan. *Id.*

///
///
///
///
///

Defendant also requests that her monthly restitution payments be reduced to $50 in light of the monthly payments on her proposed loan[1] and modest financial means.[2]

Pursuant to Local Criminal Rule 47-3, "[t]he failure of an opposing party to include points and authorities in response to any motion constitutes a consent to granting the motion." LCR 47-3. Accordingly, the government—by failing to respond—consents to the court granting the instant motion.

Nonetheless, the court determines good cause for the modification. "The court may modify, reduce, or enlarge the conditions of a sentence of probation at any time prior to the expiration or termination of the term of probation . . . ." 18 U.S.C. § 3563(c). Further, defendants may be ordered to make only nominal periodic restitution payments if the court determines "from facts on the record that the economic circumstances of the defendant do not allow the payment of any amount of a restitution order, and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments." 18 U.S.C. § 3664(f)(3)(B).

The court finds that defendant—as a 68-year-old felon who lives on a modest income supplemented by Social Security—will be unable to pay the full $1.1 million restitution in the foreseeable future. (ECF No. 456). Thus, nominal restitution payments are justified.

The home-loan arrangement is similarly justified. Defendant represents that her significant other has offered to help make the monthly payments on the proposed loan. *Id.* at 6. Defendant indicates that the most she would be able to borrow is $104,000. *Id.* at 3. Using that amount, defendant would be able to pay almost ninety percent (90%) of her criminal forfeiture, which is otherwise accruing interest as a lien against her property. (ECF No. 442, 444).

Finally, even considering the reduction in restitution payments, the court finds that this arrangement maximizes the amount that defendant can pay to the government toward her significant obligations.

---

[1] The monthly loan payments "would result in payment of somewhere close to $900 per month." (ECF No. 456 at 3).

[2] Defendant represents that her monthly expenses, including her current restitution payments, exceed her monthly income. (ECF No. 456 at 3, 8).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to modify terms and conditions of probation (ECF No. 456) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant shall be permitted to borrow up to $104,000 against her home.

IT IS FURTHER ORDERED that defendant's monthly restitution payment be reduced to $50 per month.

DATED September 17, 2019.

_____
UNITED STATES DISTRICT JUDGE