UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:17-CR-21 JCM (EJY) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| SUSAN SIEGEL, et al., | |
| Defendant(s). | |

Presently before the court is the United States of America's ("the government") limited motion to reconsider. (ECF No. 464). Defendant Susan Siegel ("defendant") filed a response (ECF No. 466), to which the government replied (ECF No. 467).

**I.  Background**

Defendant was sentenced to three years of probation on April 29, 2019. (ECF Nos. 441, 444). Defendant was ordered to pay a $116,021.25 in person criminal forfeiture and $1,124,652.00 in restitution. (ECF Nos. 442, 444). Probation has instructed defendant to make monthly restitution payments equal to ten percent (10%) of her monthly income, which results in payments of roughly $260 per month. (ECF No. 456 at 3).

Defendant moved this court to modify the conditions of her probation and allow her to borrow approximately $104,000 against her home in order to pay the majority of the criminal forfeiture. *Id.* Defendant represented that her significant other would assist with making payments on the loan. *Id.* Defendant also requested that her monthly restitution payments be reduced to $50 in light of the monthly payments on her proposed loan and modest financial means. *Id.*

The government did not respond or otherwise oppose defendant's motion. The government now represents that it "inadvertently failed to respond to [defendant's] underlying motion because

**James C. Mahan**
**U.S. District Judge**

the Financial Litigation Unit of the United States Attorney's Office for the District of Nevada . . . did not receive a copy of the motion before the response deadline." (ECF No. 467 at 1). The government now moves this court to reconsider its order "*only* to the extent that it permits [d]efendant . . . to pay $104,000 toward her criminal forfeiture money judgment instead of her significant restitution order." (ECF No. 464 at 1).

## II.   Legal Standard

Although Federal Rules of Criminal Procedure do not expressly authorize the filing of motions for reconsideration, a "postjudgment motion for reconsideration may be filed in a criminal case and governed by Fed. R. Civ. P. 59(e)." *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000); *see also United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) ("As noted by the Second and Ninth Circuits, motions for reconsideration may be filed in criminal cases.").

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* Fed. R. Civ. P. 60(b).

Rule 59 "permits a district court to reconsider and amend a previous order." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). However "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id.* A motion for reconsideration is also an improper vehicle "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880.

## III.   Discussion

As an initial matter, the court notes that the government's "statutory obligation" to "use its best efforts to ensure [defendant's] victims' 'right to full and timely restitution' is met" would have been better achieved by filing a response to defendant's motion in the first instance. (ECF No. 467 at 5). The government should have moved for an extension of time upon receiving a copy of

**James C. Mahan**
**U.S. District Judge**

the motion. The government did not. Nonetheless, the court finds good cause to reconsider its prior order in light of the legal authority in the instant motion.

> Any money received from a defendant shall be disbursed so that each of the following obligations is paid in full in the following sequence:
>
> (1) A penalty assessment under section 3013 of title 18, United States Code.
>
> (2) Restitution of all victims.
>
> (3) All other fines, penalties, costs, and other payments required under the sentence.

18 U.S.C. § 3612(c). The criminal judgment in this case also reflected the same payment priority. (ECF No. 444 at 6).

Defendant represented to this court—and the court admittedly accepted the representation—that she "want[ed] to avoid interest accruing on the forfeiture judgment." (ECF No. 456 at 6). Defendant noted that the "[t]he judgment of conviction serves as a lien against [her] home" that would—and does—"continue to accrue interest." (ECF No. 456 at 3). Relying on defendant's erroneous representation, the court allowed defendant to pay $104,000 toward her forfeiture amount because doing so would allow her "to pay almost ninety percent (90%) of her criminal forfeiture, *which is otherwise accruing interest as a lien against her property*." (ECF No. 457 at 2 (emphasis added)).

But the government now notes that reliance on defendant's representation was clear error because "[t]he criminal forfeiture money judgment does not accrue interest. The restitution order, however, is accruing interest pursuant to 18 U.S.C. § 3612(f)." (ECF No. 464 at 2 n.1). Defendant erroneously conflated the judgment of conviction with the order of forfeiture.[1] (ECF No. 456 at 6 ("Ms. Siegel is trying to do the right thing, and it is logical that she would want to avoid interest accruing on the forfeiture judgment.")). Indeed, the "lien" that defendant referenced secures the restitution order. (ECF No. 464 at 7–8); *see also* 18 U.S.C. § 3613 ("[A]n order of restitution . . . is a lien in favor of the United States on all property and rights to property of the person fined.").

---

[1] At worst, defendant purposefully misrepresented the judgment to the court.

James C. Mahan
U.S. District Judge

- 3 -

In light of this error, the court's prior analysis supports payment toward defendant's restitution obligation. Defendant wanted to minimize the accrual of interest on her significant financial obligations. Thus, the $104,000 payment should be directed to the portion of the criminal judgment that is accruing interest: the restitution order. Further, the court's reconsideration is consistent with the payment priority found in both 18 U.S.C. § 3612(c) and the criminal judgment against defendant.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the government's limited motion to reconsider (ECF No. 464) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant shall be permitted to borrow up to $104,000 against her home.

IT IS FURTHER ORDERED that defendant shall, consistent with the criminal judgment against her, make payments—including the $104,000 she may borrow against her home—in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

DATED January 13, 2020.

_____
UNITED STATES DISTRICT JUDGE