UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, | Case No. 2:17-CR-21 JCM (EJY) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| SUSAN SIEGEL, et al., | |
| Defendant(s). | |

Presently before the court is attorney Lisa Rasmussen's motion to withdraw as attorney. (ECF No. 468).

Also before the court is Susan M Siegel's ("defendant") motion to clarify. (ECF No. 471). The United States of America ("the government") filed a response (ECF No. 472), to which defendant replied (ECF No. 472).

Also before the court is defendant's motion pursuant to 28 U.S.C § 2255 to vacate, set aside, or correct sentence. (ECF No. 474). The government filed a response (ECF No. 477), to which defendant replied (ECF No. 478).

I.  **Background**

The court sentenced defendant to three years of probation, ordered her to pay a $116,021.25 in personam criminal forfeiture, and imposed $1,124,652.00 in restitution on April 29, 2019. (ECF Nos. 441; 442; 444). The government recorded a restitution lien pursuant to 18 U.S.C § 3613(c) on May 8, 2019. (ECF No. 472).

At defendant's request, the court modified the terms of defendant's probation. (ECF No. 457). The court allowed her to borrow $104,000 against her home and reduced her monthly

**James C. Mahan**
**U.S. District Judge**

restitution payments to $50. *Id.* The court also ordered defendant to make payments in the order of priority set forth in 18 U.S.C. § 3612(c) and the criminal judgment. (ECF No. 469).

Defendant now moves to clarify this court's order (ECF No. 471) and to vacate, set aide, or correct her sentence pursuant to U.S.C § 2255 (ECF No. 474).

**II.      Legal Standard**

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . ." 28 U.S.C. § 2255(a). To be granted relief, a petitioner must allege lack of jurisdiction or constitutional error. *Hamilton v. United States*, 67 F.3d 761, 763–64 (9th Cir. 1995). Otherwise, a court should only grant a § 2255 motion where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

In addition, limitations are placed on § 2255 motions because: (1) the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity; and (2) § 2255 "is not designated to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993); *United States v. Frady*, 456 U.S. 152, 164 (1982).

**III.     Discussion**

As an initial matter, the court grants Ms. Rasmussen's motion to withdraw. (ECF No. 468). Local Rule IA 11-6(e) provides that "[e]xcept for good cause shown, no withdrawal or substitution will be approved if it will result in delay of discovery, the trial, or any hearing in the case." LR IA 11-6(e). There is currently no discovery, trial, or hearings pending. Thus, Ms. Rasmussen's withdrawal will not delay the instant case from proceeding.

Ms. Rasmussen indicates that good cause exists for her withdrawal. Ms. Rasmussen agreed to represent Ms. Siegel through her sentencing, but the scope of her representation did not include any post-conviction litigation. (ECF No. 468 at 3). Ms. Siegel wants to seek additional relief and prefers to do this on her own. *Id.*

*A. Defendant's § 2255 motion*

Although fashioned as a "motion to clarify," defendant's motion actually requests the court expunge the lien on her home. (ECF No. 471). Defendant makes an identical request in her § 2255 motion. (ECF No. 474). Therefore, the court will discuss the motions collectively.

An order of restitution is "a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability to tax assessed under the Internal Revenue Code[.]" 18 U.S.C § 3613(c). The lien arises automatically upon entry of judgment and it may be recorded "in the manner in which a notice of tax lien would be filed under section 6323(f)(1) and (2) of the Internal Revenue Code[.]" 18 U.S.C § 3613(d).

Mandatory restitution was imposed upon defendant based on the offense she committed. (ECF Nos. 441, 444). Defendant attempts to use her § 2255 motion to attack the lien placed upon her house, thus attacking the restitution order.

However, "by its plain terms, § 2255 is available only to defendants who are in custody and claiming the right to be released. It cannot be used solely to challenge a restitution order." *United States v. Kramer,* 195 F.3d 1129, 1130 (9th Cir. 1999); *see also United States v. Thiele*, 314 F.3d 399, 40 (9th Cir. 2002) (a defendant "cannot collaterally attack his restitution order in a § 2255 motion).

Defendant is not in custody, nor was she ever sentenced to custody in these proceedings. Defendant is attacking only the restitution order by asking the court to lift the lien placed upon her house.[1] Moreover, the argument defendant makes—that the lien prevents her from borrowing the $104,000 against her home—is unfounded. The court expressly allowed defendant to borrow the $104,000 against her home. (ECF No. 457). She must simply do so while the government protects its interest, as it is entitled to do under law. *See* 18 U.S.C. § 3613(c). If she uses the proceeds of her loan to pay her criminal obligations, such payments must be made in accordance with the priority set forth in 18 U.S.C. § 3612(c) and the criminal judgment. (ECF No. 469).

---

[1] To the extent defendant raises an ineffective assistance of counsel claim that is not foreclosed by the plain language of § 2255, defendant does not show that but-for her counsel's purported ineffectiveness there would have been no restitution order in this case.

Accordingly, defendant is unable to raise this issue under § 2255, and the court denied her motion accordingly.

*B. Certificate of Appealability*

When the court denies a petitioner's § 2255 motion, the court may issue a certificate of appealability only when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make such a showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court finds that petitioner has not made a substantial showing of the denial of a constitutional right to justify issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further. Therefore, the court declines to issue a certificate of appealability. *See Slack*, 529 U.S. at 484.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Ms. Rasmussen's motion to withdraw (ECF No. 468) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant's motion to clarify (ECF No. 471) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion pursuant to 28 U.S.C § 2255 to vacate, set aside, or correct sentence (ECF No. 474) be, and the same hereby is, DENIED.

DATED April 10, 2020.

_____
UNITED STATES DISTRICT JUDGE