# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:17-CR-21 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| SUSAN SIEGEL, et al., | |
| Defendant(s). | |

Presently before the court is defendant Susan M. Siegel's motion to reduce her monthly restitution payments based on a change in her ability to pay. (ECF No. 481). The government does not oppose Siegel's motion. (ECF No. 482).

Susan Siegel pled guilty to conspiracy to commit wire fraud as part of her participation in a $3.3 million dollar telemarketing scheme that defrauded over 1,000 victims. (ECF Nos. 444, 472 at 2). She was sentenced to three years of probation and ordered to pay $1,124,652 in restitution, owed jointly and severally with 20 co-defendants, "at a rate of no less than ten (10%) percent of gross income subject to adjustment by the Court based on ability to pay." (ECF No. 444). Siegel's restitution obligation will continue for at least 20 years or until it is paid in full. 18 U.S.C. § 3613(b).

Siegel claims that Probation temporarily allowed her to pay 5% of her monthly income toward restitution this past six months. (ECF No. 481 at 1). She now asks the court to permanently reduce her monthly restitution payments to 5% of her monthly income. (*Id.*). The court previously reduced Siegel's payments to a nominal $50 per month in September 2019 which the government did not oppose. (ECF No. 457; ECF No. 472 at 7).

**James C. Mahan**
**U.S. District Judge**

After considering a subset of the 18 U.S.C. § 3553(a) sentencing factors, the court can modify a defendant's supervised release conditions at any time. 18 U.S.C. § 3583(e)(2). The subset of factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need for deterrence, (3) the need to protect the public, (4) the need to provide the defendant with educational training or medical care, and (5) any pertinent Sentencing Commission policy statements. 18 U.S.C. § 3583(e).

As to restitution, defendants may be ordered to make only nominal periodic restitution payments if the court determines "from facts on the record that the economic circumstances of the defendant do not allow the payment of any amount of a restitution order, and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments." 18 U.S.C. § 3664(f)(3)(B).

The court first adopts its findings from the last time it modified Siegel's restitution payment schedule (ECF No. 457) and finds that Siegel's economic circumstances have worsened. Her Social Security benefits have since increased to $1,755 but her monthly job income is now only $527 as she has foregone full-time work to begin chemotherapy for squamous cancer. (ECF No. 481 at 3). The interests of justice require an adjustment to Siegel's restitution payment schedule. 18 U.S.C. § 3664(k).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Siegel's motion to reduce her monthly restitution payments (ECF No. 481) be, and the same hereby is, GRANTED. Siegel's monthly restitution payment shall be REDUCED to 5% of her monthly gross income.

DATED July 2, 2021.

_____
UNITED STATES DISTRICT JUDGE